UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| THOMAS E. CROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-CV-345 |
| | ) | |
| BRADLEY EQUIPMENT RENTALS, | ) | Judge Curtis L. Collier |
| INC.; HALE ROE; and CITY OF | ) | |
| CLEVELAND, TN, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Before the Court are two motions to dismiss. One motion to dismiss was filed by Defendant City of Cleveland, Tennessee ("Cleveland") (Court File No. 2). Cleveland filed a brief in support of its motion arguing in part the applicable statute of limitations bars Plaintiff Thomas E. Crowe's ("Plaintiff") federal claims (Court File No. 3). Plaintiff has not filed a response to this motion.[1] The other motion to dismiss was filed by Defendants Bradley Equipment Rental & Sales, Inc. ("Bradley") and Hal Roe ("Roe") (collectively "Roe Defendants") (Court File No. 4).[2] The Roe Defendants filed a brief in support of their motion contending if Cleveland's motion to dismiss is

---

[1] Cleveland filed its motion to dismiss on December 30, 2005. Pursuant to E.D. Tenn. L.R. 7.1(a) and Fed. R. Civ. P. 6(a), Plaintiff had until January 19, 2006 to respond. Parties that do not respond to motions do a disservice to the Court and to the administration of justice. Without a parties' views, the Court must struggle with the benefit of only one side's submissions in its effort to reach a correct and just decision. Obviously this is not desirable.

[2] The Court will collectively refer to Defendants Cleveland, Bradley, and Roe as "Defendants".

granted, the Court no longer has subject matter jurisdiction over this matter (Court File No. 5). Plaintiff also has not filed a response to this motion.[3]

After considering the above motions and briefs, and for the following reasons, the Court will **GRANT** Cleveland's motion to dismiss (Court File No. 2) and the Roe Defendants' motion to dismiss (Court File No. 4). As such, the Court will **DISMISS** Plaintiff's federal claims based on the applicable statute of limitations and the Court will **DISMISS WITHOUT PREJUDICE** Plaintiff's remaining state law claims.

I.  **STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1232 (S.D. Ohio 1994), accept all the complaint's factual allegations as true, *Bloch*, 156 F.3d at 677; *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *see also Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should neither weigh evidence nor evaluate the credibility

---

[3] The Roe Defendants filed their motion to dismiss on January 6, 2006. Pursuant to E.D. Tenn. L.R. 7.1(a) and Fed. R. Civ. P. 6(a), Plaintiff had until January 26, 2006 to respond.

of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

## II.   RELEVANT FACTS

Plaintiff is a resident of Tennessee (Court File No. 1, Complaint, at ¶ 2). Bradley is a Tennessee corporation conducting business in Tennessee (*Id.* at ¶ 3). Roe, the owner, officer, and director of Bradley, is a resident of Tennessee (*See Id.* at ¶¶ 1-4; Court File No. 5, p. 1). Cleveland is a municipality in the State of Tennessee (Complaint, at ¶ 4).

On July 24, 2002 Plaintiff rented construction equipment from Bradley (*Id.* at ¶ 5). Plaintiff returned the equipment but did not pay the rental fee (*Id.* at ¶ 6). Bradley filed suit against Plaintiff seeking payment of the rental fee (*Id.* at ¶ 7). Plaintiff filed for bankruptcy on September 19, 2002

and a discharge order was entered on January 2, 2003 (*Id.* at ¶ 8). Bradley was listed as a creditor in the bankruptcy case, however, Bradley did not file any objection to the discharge of Plaintiff's debt (*Id.*). On May 1, 2003, Roe, acting on behalf of Bradley, filed a police report against Plaintiff alleging Plaintiff committed a theft or fraud (*Id.* at ¶ 9).

On May 13, 2003 Cleveland City Police Detective Brian Smith swore in an Affidavit of Complaint to support an arrest warrant Plaintiff rented equipment and did not pay the rental bill (*Id.* at ¶ 11). Plaintiff was arrested on May 16, 2003 (*Id.* at ¶ 12). At a preliminary hearing, the criminal complaint was dismissed (*Id.*). The state judge wrote the following note on the warrant: "Dismiss unless State shows why it should proceed in view of bankruptcy" (*Id.*). On August 21, 2003 an indictment charging Plaintiff with Theft over $1,000 was returned after Detective Smith testified before a Bradley County Grand Jury (*Id.* at ¶ 14). Plaintiff was arrested again but the charges were dropped by the Bradley County District Attorney after Plaintiff's attorney filed a motion to dismiss the charges based on the bankruptcy discharge (*Id.* at ¶¶ 15-16).

On December 13, 2005 Plaintiff filed suit against Defendants alleging several causes of action under state law and violations of 42 U.S.C. §§ 1983 and 1985 (Complaint at ¶¶ 18-38). Shortly thereafter, Cleveland filed a motion to dismiss arguing in part the statute of limitations bars Plaintiff's federal claims (Court File No. 3). Then, the Roe Defendants filed a motion to dismiss contending if the federal claims are dismissed, the Court no longer has subject matter jurisdiction over this matter (Court File No. 5).

### III. DISCUSSION

####    A.   Federal Claims

4

Plaintiff avers Defendants' actions summarized above constitute violations of 42 U.S.C. §§ 1983 and 1985. Plaintiff's § 1983 and § 1985 claims arose in Tennessee and therefore are governed by a one year statute of limitations. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (applying one-year statute of limitations to § 1983 claim arising in Tennessee); *Moore v. Potter*, 47 Fed. Appx. 318, 320 (explaining the appropriate statute of limitations for §§ 1983 and 1985 claims arising in Tennessee is one year); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (explaining § 1983 claims arising in Tennessee have a limitations period of one year); *Craft v. Vanderbilt Univ.*, 18 F. Supp. 2d 786, 797-98 (M.D. Tenn. 1998) (finding the applicable statute of limitations for claims under §§ 1983 and 1985 is one-year because the analogous Tennessee statute of limitations is Tennessee's personal injury statute which has a one-year limitations period).

All of the alleged wrongful acts occurred in 2002 and 2003. The latest wrongful act complained of is the arrest of Plaintiff in August 2003. Plaintiff did not file suit until December 2005. Thus, it is clear the wrongful acts occurred more than one year before Plaintiff filed suit. As such, the statute of limitations bars Plaintiff's federal claims unless the "discovery rule" applies. "Ordinarily the 'discovery rule' applies to establish the date when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis of his action. This test is an objective one, and the Court determines what event should have alerted the typical lay person to protect his or her rights." *Sharpe*, 319 F.3d at 266 (internal citations and quotation omitted).

The Court is unaware of, and Plaintiff has not offered, any facts or events which tend to suggest Plaintiff did not know or had no reason to know he was injured in 2003. Viewing the facts in the best light possible for Plaintiff and drawing all reasonable inferences in favor of Plaintiff, the

5

Court concludes Plaintiff knew or should have known of his alleged injury in 2003. Plaintiff was first arrested in May 2003. At that time, Plaintiff's attorney "told the Court the facts of the case and presented the [b]ankruptcy [d]ischarge" (Complaint at ¶ 12). The judge dismissed the charges because of the bankruptcy (*See Id.*). Upon dismissal of the charges, especially in light of the judge's statement on the warrant, Plaintiff should have been aware of his supposed injury. Further, Plaintiff knew or should have known of his injury when the August 2003 charges were dropped after his counsel filed a motion to dismiss based on the bankruptcy discharge. In short, Plaintiff knew or should have known about his alleged injuries on or before December 13, 2004. Accordingly, the Court will **DISMISS** Plaintiff's §§ 1983 and 1985 claims.

### B. Jurisdiction

Since the Court believes Plaintiff's federal claims are barred by the statute of limitations, it must now determine whether it will decline to exercise supplemental jurisdiction over the remaining state law claims.[4] "District courts have the discretion to refuse to exercise supplemental jurisdiction over state law claims if 'the district court has dismissed all claims over which it has original jurisdiction'" *Widgren v. Maple Grove Tp.*, 429 F.3d 575, 586 (6th Cir. 2005) (quoting 28 U.S.C. § 1367(c)(3) (2005)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Id.* (citations and quotation omitted); *see also Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (explaining if the federal claims are dismissed before trial, the state claims generally should be

---

[4] The Court is fully aware Cleveland has asked the Court to dismiss all of Plaintiffs' claims against Cleveland, including state law claims, pursuant to Rule 12(b)(6). However, since the Court has dismissed Plaintiff's federal claims, it must first consider "whether to exercise supplemental jurisdiction prior to dismissing the claims under Rule 12(b)(6)." *Anderson v. Cader Publishing, Ltd.*, 151 Fed. Appx. 363, 365 (6th Cir. Oct. 5, 2005).

dismissed as well). If a district court declines to exercise supplemental jurisdiction, its decision "will not be overturned on appeal absent an abuse of discretion." *Weeks v. Portage County Executive Offices*, 235 F.3d 275, 279 (6th Cir. 2000).

Plaintiff filed suit against Defendants approximately two months ago. A scheduling conference has not taken place, discovery has not commenced, and Defendants have not filed an answer. Further, if the Court dismisses Plaintiff's state law claims without prejudice it is unaware of any unfairness to Plaintiff that may result. Accordingly, the Court will exercise its discretion and **DISMISS** all of Plaintiff's remaining claims **WITHOUT PREJUDICE**.

### IV. CONCLUSION

For the reasons outlined above, the Court will **GRANT** Cleveland's motion to dismiss (Court File No. 2) and **DISMISS** Plaintiff's §§ 1983 and 1985 claims. Since only state law claims remain, the Court will **GRANT** the Roe Defendants' motion to dismiss (Court File No. 4) and **DISMISS WITHOUT PREJUDICE** Plaintiff's remaining state law claims. The Court further will **DIRECT** the Clerk to **CLOSE** the case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**